FILED
2019 Feb-25 PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MITCHELL GILBERT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No.: 5:17-cv-1672-LCB |

**MEMORANDUM OPINION AND ORDER**

On September 28, 2017, plaintiff filed a complaint seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). (Doc. 1). Plaintiff filed an amended complaint on October 2, 2017, without objection, to correct the plaintiff's name from "Michael Gilbert" to "Mitchell Gilbert." (Doc. 4). Defendant filed an answer on February 8, 2018. (Doc. 8). On April 7, 2018, plaintiff filed a brief in support (Doc. 12). On May 3, 2018, the Commissioner filed a Memorandum in Support of Commissioner's Decision (Doc. 13). Therefore, this matter is ripe for review. For the reasons stated below, the final decision of the Commissioner reversed and remanded.

**I.    BACKGROUND**

On October 6, 2014, plaintiff filed application for benefits under Title XVI

for supplemental security income (SSI) under the Social Security Act alleging August 2, 2010, as his onset of disability. On July 20, 2016, the administrative law judge ("ALJ"), Elizabeth P. Neuhoff, conducted a video hearing. The ALJ presided in Franklin, Tennessee and the plaintiff appeared in Decatur, Alabama. (Tr. 13). Plaintiff, his attorney, and a vocational expert ("VE") were present at the hearing. (*Id*.). On September 19, 2016, the ALJ issued her decision. (*Id*.). In doing so, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled. (*Id*. at 13-21). The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since October 16, 2014, the application date (20 CFR 416.971 et seq.). (*Id*. at 15).

2. The claimant has the following severe impairments: cardiomegaly; heart failure; and history of cerebrovascular accident (CVA), which has completely resolved (20 CFR 416.920(c)). (*Id*.).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). (*Id*. at 16).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 416.967(b). The claimant can lift or carry 20 pounds occasionally and 10 pounds frequently; can sit, stand, or walk for a total of 6 hours each in an 8-hour workday; can occasionally push or pull with his upper and lower extremities; can perform unlimited balancing and stooping; can frequently kneel; can occasionally perform all other postural activities; and must avoid concentrated exposure to temperature extremes, pulmonary hazards, and

workplace hazards such as unprotected heights and dangerous, moving machinery. (*Id*. at 16-17).

5. The claimant is unable to perform any past relevant work (20 CFR 416.965). (*Id*. at 19).

6. The claimant was born on January 14, 1964, and therefore, he was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963). (*Id.* at 20).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964). (*Id*.).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968). (*Id*.).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)). (*Id*.).

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 16, 2014, the date the application was filed (20 CFR 416.920(g)). (*Id*. at 21).

Plaintiff requested an appeal to the Appeals Council, which denied his request for review on August 8, 2017. (Tr. 1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec*., 802 F.3d 1264, 1267 (11th Cir. 2015). Plaintiff then filed this action on September 28, 2017. (Doc. 1).

## II. DISCUSSION

The Social Security Act authorizes payment of disability insurance benefits

and supplemental social security income to persons with disabilities. 42 U.S.C. §§ 423, 1381 (2012). The law defines disability as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a).[1]

## A. Standard of Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Winschel v. Comm'r of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. (internal citation and quotation marks omitted). "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, while the Court must scrutinize the record as a whole, the Court must affirm if the decision is supported by substantial evidence, even if the evidence preponderates against the

---

[1] On January 18, 2017, the Social Security Administration significantly revised its regulations regarding the evaluation of medical evidence to determine a disability; those new regulations became effective on March 27, 2017. The Court, however, must apply the regulations in effect at the time that the ALJ entered his decision. *See Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 n.6 (11th Cir. 2017) ("We apply the regulations in effect at the time of the ALJ's decision."). Because the ALJ entered her decision on September 19, 2016, the Court will apply the regulations in place at that time.

Commissioner's findings. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264 (11th Cir. 2015); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### B. Five-Step Sequential Evaluation

The Social Security Administration has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1. Is the claimant engaged in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step. *Id.*

2. Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significant limits his or her ability to perform basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step. *Id.*

3. Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step. *Id.*

4. Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step. *Id.*

5. Even if the claimant cannot perform past relevant work, does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled. *Id.*

The claimant bears the burden of proof with respect to the first four steps. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). The burden then shifts to the Commissioner at the fifth step to prove the existence of jobs in the national economy that the claimant is capable of performing; however, the burden of proving lack of RFC always remains with the claimant. *Id*.

### C.   Plaintiff's Allegations

Plaintiff alleges in his complaint that the ALJ's finding of not disabled is erroneous for the following reasons:

1. The finding of the Defendant that the Plaintiff was not disabled was not based upon substantial evidence;

2. The findings of fact were not sufficient to resolve the crucial legal issues; and

3. The correct legal standards were not applied in determining the ultimate issue.

(Doc 1, p. 2). In his brief, plaintiff argues that the ALJ did not give proper weight to his treating physicians, namely his cardiologist. (Doc 12). He further argues that the ALJ failed to properly evaluate his alleged symptoms. (Doc. 12).

This Circuit has held that the opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997), citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) and *Broughton v. Heckler*, 776 F.2d 960, 961–62 (11th Cir. 1985). This reliance on a treating physician's opinion is

consistent with the Commissioner's regulations:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 CFR § 404.1527(c)(2). Conversely, an ALJ may give less weight or disregard the opinion of a treating physician altogether when the record substantially supports findings that "the (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir.2004).

Here, the plaintiff argues that the ALJ erred by giving great weight to Dr. Finney, a state agency medical consultant. Dr. Finney provided a residual functional capacity assessment on February 3, 2015, finding that the plaintiff could do light work without physical examination of the plaintiff. (Doc. 12) (Tr. 54-64). The fact that Dr. Finney is a state agency medical consultant and did not examine the Plaintiff is not on its face error. See *Mitchell v. Colvin*, 2014 WL 1513274 (N.D. Ala. 2014). Plaintiff's main argument is that the ALJ erred by considering and giving "great weight" to the opinions of Dr. Finney and Dr. Lewis, another state agency consultant, rather than his treating cardiologists. Plaintiff's treating

cardiologists are Dr. Walker and Dr. Samuelson; both provided treatment from 2014 thru 2016 at the Athens Limestone Cardiology Clinic DBA Limestone Heart Center. (Tr. 358-71). Plaintiff's counsel highlights in his brief that the cardiologists' treatment records show that plaintiff was diagnosed in 2014 with "left heart failure; specifically . . . systolic heart failure." (Tr. 358-71). Further, in 2016 treatment records both doctors opine that the plaintiff ". . . is currently NYHA [New York Heart Association] class III. In regard to his exercise tolerance, Mr. Gilbert [plaintiff] can walk 100 yards before needing to rest." *Id.* According to the American Heart Association, the New York Heart Association (NYHA) functional classification system is the system most used by physicians to assess a patient's stage of heart failure. See https://www.heart.org/en/health-topics/heart-failure/what-is-heart-failure/classes-of-heart-failure. This system ranks the patient into one of four categories based upon physical activity limitations. *Id.* Thus, a patient with the classification of NYHA class III has the following limitations "[m]arked limitation of physical activity. Comfortable at rest. Less than ordinary activity causes fatigue, palpitation, or dyspnea." *Id.* There is no objection that these treatment records are medical opinions consistent with the applicable Social Security Regulations.[2] The ALJ does not address the aforementioned functional

---

[2] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's]

8

opinions and the only reference to these records by the ALJ in her decision is the following statement:

> Finally, medical records dated July 29, 2015, and March 1, 2016, show that while the claimant complained of dyspnea and fatigue, the claimant denied chest pain; the claimant's clinical cardiovascular examination was normal with no extremity edema; and the claimant was euvolemic (Exhibit 9F, Pages 5-12).

(Tr. 18). Additionally, it appears that neither Dr. Finney nor Dr. Lewis reviewed the cardiologists' 2016 records since their opinions were given in 2015. (Tr. 54-64, 268-73). Nevertheless, the ALJ opinion is simply not sufficient for this Court to properly review this decision.

Our Circuit in *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011) outlined the law relating to an ALJ's evaluation of medical opinion evidence as follows:

> "[an] ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir.1987) (per curiam). 'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.' *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981). Therefore, when the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.' *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir.1984) (per curiam). In such a situation, 'to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to

---

physical or mental restrictions." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting 20 C.F.R. §§ 416.927(a)(1) & (2)).

determine whether the conclusions reached are rational.' *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir.1979)) (internal quotation marks omitted)."

*Id.* at 1179. See also *Santos v. Social Security Administration, Commissioner*, 731 Fed. Appx. 848, 853 (11th Cir. 2018). In the case at bar, the ALJ's decision is devoid of any statement regarding the weight given to the medical opinions of the plaintiff's treating cardiologists. The ALJ bases her decision on the fact that the claimant's clinical presentations and activities of daily living are contrary to the claimant's alleged symptoms and that medical evidence does not support a more restrictive residual functional capacity (RFC). (Tr. 18). This may be the case, but the ALJ must first consider and analyze the opinions of the claimant's treating cardiologist, give them the appropriate weight, and explain the reasons for the weight given. As in *Winschel*, since the ALJ did not reference and weigh the treating cardiologists' medical opinions, this Court cannot determine whether theses opinions were considered and rejected, or not considered at all. *Winschel*, 631 F.3d at 1178. Accordingly, this matter is due to be remanded for the ALJ to "state with particularity the weight given to these medical opinions and the reasons therefor." *Id.* at 1179. Based upon the foregoing, it is not necessary to address the plaintiff's remaining arguments.

### III. CONCLUSION

The Court has carefully and independently reviewed the record and

concludes that, for the reasons given above, plaintiff's request to reverse and remand the decision of the Commissioner is GRANTED. This case is hereby reversed and remanded to the Commissioner of the Social Security Administration. A final judgment will be entered separately.

    **DONE** this February 25, 2019.

                                                 **LILES C. BURKE**
                                                 UNITED STATES DISTRICT JUDGE